IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,023-01






EX PARTE TAURUS DEMETRICK BLAKEMORE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR07-027HC IN THE 4TH JUDICIAL DISTRICT COURT


FROM RUSK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to sixty years' imprisonment. The Sixth Court of Appeals affirmed his conviction. 
Blakemore v. State, No. 06-08-00093-CR (Tex. App. - Texarkana, August 25, 2008, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to perform an independent investigation, and failed to challenge the in-court
identification of Applicant as the robber by a State's witness who allegedly could not identify him
on the date of the offense. Applicant also alleges that he did not waive his right to a jury
determination of punishment. 

 Applicant has alleged facts that, if true, might entitle to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's
claim of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the record with a copy of any documents signed by Applicant
showing his waiver of a jury determination of punishment or his election to have the trial court
decide punishment. The trial court shall make findings of fact as to whether counsel performed an
independent investigation prior to trial. The trial court shall make findings as to whether counsel
requested a pre-trial hearing to determine identification issues, and if not, why not. The trial court
shall make findings as to whether there was a tape-recorded statement made by witness Connie
White on the date of the offense in which she stated that she could not identify the robber. If such
a statement existed, the trial court shall make findings as to whether counsel attempted to challenge
White's in-court identification of Applicant by impeaching her with the earlier statement. The trial
court shall make findings as to whether the performance of Applicant's trial attorney was deficient
and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 16, 2010

Do not publish